offering for sale of liquors on Sunday, except as allowed, is a violation of the law. People v. Murphy, 5 Parker's Crim. Rep. 130; People v. Cramer, 22 App. Div. 189.

Request in defendant's fifth point that a new trial be granted because of improper statements, made by district attorney in summing up, is not well taken. Cole v. Fall Brook Coal Co., 159 N. Y. 63.

Judgment should be given on appeal without regard to technical errors or defects. Code of Criminal Pro. sec. 542; People v. Shaver, 37 App. Div. 21-24; People v. Combs, 158 N. Y. 540.

Judgment of conviction and order affirmed, and judgment to be entered and certified to Oneida County Court, with directions to proceed in accordance with section 547 of the Code of Criminal Procedure. All concurred.

---

Supreme Court, New York Special Term. Reported in N. Y. L. J., October 31, 1899.

In the Matter of the Application of JAMES HARPER for an order restraining JULIUS KELLER from unlawfully trafficking in liquor.

BOOKSTAVER, J.:

This is an application under section 29 of the Liquor Tax Law to enjoin the respondent from trafficking in liquors until he lawfully obtain a liquor tax certificate. When the answer was handed up on the return day it was objected that another similar proceeding was pending by the same petitioner against the same respondent. The petitioner's attorney waives the objection that such pendency is not pleaded, and concedes that another proceeding is pending, but one under section 28, subdivision 2, of the act, and is for the revocation of the liquor tax certificate under which the respondent is doing business, and is brought against both the respondent and the special deputy commissioner of excise of the city of New York. It is obvious that the two proceedings are different and were not meant to be exclusive of each other. Inasmuch, however, as the issues are much the same, the referee before whom the other proceeding is pending will be named in this. Submit order.